# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JARED WILLIAM BERG, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV423-140 |
| SHERIFF JOHNNY WELTCHER,[1] | ) ) ) |
| Respondent. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner Jared William Berg has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1.[2] He paid the Court's filing fee and moved to proceed *in forma pauperis* ("IFP"). *See* doc. 2 (IFP); *see also* docket entry dated May 22, 2023 (receipt for filing fee). Since he has paid, his request to proceed *in forma pauperis* is **DISMISSED** as moot. Doc. 2. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254

---

[1] Berg's lists, as the parties respondent, "Sheriff Johnny Weltcher [and] Chatham County." Doc. 1 at 1. It appears that he has misspelled the name of Chatham County Sheriff John T. Wilcher. Since, as discussed below, his Petition should be dismissed the apparent misnomer is moot.

[2] The Petition, as docketed, does not include a signature page. *See generally* doc. 1. However, the signature page, with a heading indicating that it corresponds to the Petition, is docketed with the IFP motion. *See* doc. 2 at 3.

Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[3]

Berg alleges that he is a pretrial detainee in the custody of the Sheriff of Chatham County, Georgia. *See* doc. 1 at 1. He alleges that he has been detained since July 11, 2022. *Id.* at 2. He asserts only one ground for relief, which states only that he has been "refused bond 3 times," and asserts that his charges are not sufficiently serious to preclude release on bond. *Id.* at 6. Although Berg has checked a box on the form indicating that he presented that ground "in all appeals that were available to you," *id.*, he explicitly states that the instant Petition is "the first one," *id.* at 3.

As a pretrial detainee, a § 2241 petition is the proper means for Berg to seek release from custody. *See, e.g., Hiteshaw v. Butterfield*, 262 F. App'x 162, 164 (11th Cir. 2008) ("[A] pre-trial detainee . . . is not in custody pursuant to any state court judgment, and his habeas petition should . . . [be] treated as a § 2241 petition."). The Eleventh Circuit has

---

[3] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

2

recently explained, however, that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Berg's Petition is explicit that he has not presented his complaints in any state proceeding. *See* doc. 1 at 2, 6. Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Berg must exhaust all available remedies provided under state law before he can seek relief in this Court. *Cf. Daker v. Sapp*, 2019 WL 3713713, at *6 (S.D. Ga. Aug. 6, 2019) ("Federal habeas corpus should not be used as a

pretrial motion forum for state prisoners." (internal quotation marks and citation omitted)).[4]

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971). *See Johnson*, 32 F.4th at 1099 (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before

---

[4] To the extent that the Court has misconstrued Berg's ambiguous allegations concerning any proceedings relevant to his exhaustion of available state remedies, the fourteen-day period for him to object to this Report and Recommendation provides him an opportunity to clarify them. The Clerk is **DIRECTED** to send a blank copy of Form AO 242 (Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241) with this Order and Report and Recommendation for Berg's convenience.

the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49).

The face of Berg's Petition shows, therefore, that his claims are unexhausted and that they appear to be barred by *Younger* abstention. Accordingly, the petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to

this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as

there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 23rd day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA